405 F.2d 605
 160 U.S.P.Q. 180
 John A. BOYCE, an individual, and FMC Corporation, a
corporation, Appellants and Cross-Appellees,
v.
Earl R. ANDERSON, an individual, and Filper Corporation, a
corporation, Appellees and Cross-Appellants.
 Nos. 22163, 22163-A.
 United States Court of Appeals Ninth Circuit.
 Dec. 16, 1968, Rehearing Denied in No. 22163 Jan. 13, 1969.
 
 Lewis E. Lyon (argued), of Lyon & Lyon, Los Angeles, Cal., for appellants and cross-appellees.
 Dirks B. Foster (argued), and Harold R. Regan of Boyken, Mohler, Foster & Schlemmer, San Francisco, Cal., for appellees and cross-appellants.
 Before HAMLEY and BROWNING, Circuit Judges, and THOMPSON, District judge.*
 HAMLEY, Circuit Judge:
 
 
 1
 This action stems from an interference proceeding before the Patent Office, pursuant to 35 U.S.C. 135 (1964), to determine priority of invention. In question was the priority of invention of a method of pitting peaches as conceived by John A. Boyce and Earl R. Anderson, both of whom were parties to the interference proceeding.[1] Anderson applied for a patent on this invention on August 6, 1956, and Boyce applied for a patent on substantially the same invention on June 10, 1957. Both applications were pending in the Patent Office when the interference proceeding was commenced.
 
 
 2
 In that proceeding the board of patent interferences, on March 7, 1962, awarded priority of invention to Anderson, holding that Boyce had not proved that he conceived the invention or reduced it to practice prior to August 8, 1956, when Anderson applied for a patent. Based upon this decision, the Patent Office granted Patent No. 3,075,566 to Anderson.
 
 
 3
 Without appealing to the United States Court of Customs and Patent Appeals, Boyce and his assignee, FMC Corporation, on April 30, 1962, commenced this action in the district court as authorized by 35 U.S.C. 146 (1964). Anderson and his assignee, Filper Corporation, were named defendants.
 
 
 4
 Plaintiffs alleged that Boyce and not Anderson, had priority of invention. They sought a decree: (1) determining that Boyce is, and Anderson is not, the true, original and first inventor of the peach pitter, (2) determining that Anderson is not entitled to a patent covering the invention, and (3) authorizing and directing the Commissioner of Patents to issue to Boyce and FMC Corporation, as assignee of Boyce, Letters Patent covering the claim in question.
 
 
 5
 Defendants answered on August 28, 1962, denying the critical allegations of the complaint. They also affirmatively alleged that there was such irregularity in the filing and prosecution of Boyce's application that the same is invalid and void. The only substantive relief sought by defendants was dismissal of the action with prejudice.
 
 
 6
 Pretrial proceedings extended to June 23, 1965. On that date defendants moved under Rule 42(b), Federal Rules of Civil Procedure, for a separate trial of two issues, namely: (1) whether the district court had jurisdiction of the subject matter, and (2) whether plaintiffs are barred from obtaining a valid patent because they placed a device employing the invention in public use or on sale in this country more than one year prior to their application for a patent. See 35 U.S.C. 102(b) (1964). Defendants made this motion on the ground that a ruling in defendants' favor on these separate issues would be dispositive of the case and would require a comparatively short trial.
 
 
 7
 Opposing this motion, plaintiffs contended, in effect, that the primary issue in the case concerns the priority of invention, and that the trial of that issue ought not to be postponed while other issues are pursued.
 
 
 8
 On March 28, 1966, the district court granted defendants' motion in major part, ordering a separate trial on the issue of whether, within the meaning of 35 U.S.C. 102(b), the plaintiff Boyce's invention was in public use or on sale in this country more than one year prior to his application for a patent. Thereafter the court entered a pretrial order settling the format of the trial in accordance with this ruling.
 
 
 9
 Following a trial on this limited issue, the district court entered findings of fact upon the basis of which it concluded that: (1) the district court had jurisdiction of the person and subject matter and (2) plaintiffs placed the invention in question in public use and on sale more than one year prior to the filing date of their application for Letters Patent, thereby barring them from receiving a patent on the invention. Accordingly, and without passing upon priority of invention as between Boyce and Anderson, the court entered judgment dismissing the action with prejudice.
 
 
 10
 At the outset, we are confronted with defendants' contention, as cross-appellants, that the original complaint should have been dismissed without leave to amend after the expiration of sixty days following entry of the agency decision on priority. Defendants point out that the original complaint failed to state affirmatively that appeal had not been taken to the United States Court of Customs and Patent Appeals, and urge that the amended pleading in which that fact was alleged was not timely filed.
 
 
 11
 Section 246 provides that a party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have a remedy by civil action
 
 
 12
 '* * * if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided.'
 
 
 13
 Pursuant to this statute, the Commissioner has, by regulation, fixed the time for commencing a civil action under section 146, as sixty days from the date of the decision of the board of appeals or the board of patent interferences. See 37 C.F.R. 1.304 (Rev. as of January 1, 1967).
 
 
 14
 The board of patent interferences rendered the decision here in question on March 7, 1962. Plaintiffs commenced a district court action within sixty days of that decision, namely, on April 30, 1962. However, as noted above, it was not alleged in that pleading that plaintiffs had not appealed to the United States Court of Customs and Patent Appeals.
 
 
 15
 On May 24, 1962, which was after the sixty-day period had run, defendants moved to dismiss the complaint for lack of jurisdiction. The motion was granted, but with leave to amend.
 
 
 16
 On June 11, 1962, plaintiffs filed a first amended complaint, in which they alleged, for the first time, that no previous appeal had been taken to the United States Court of Customs and Patent Appeals. Defendants then renewed their motion to dismiss for lack of jurisdiction on the ground that the lack of a jurisdictional allegation in the original complaint could not be cured by amendment after the sixty-day period had run. The renewed motion was denied.
 
 
 17
 Without doubt, the district court did not have subject matter jurisdiction of this section 146 action if an appeal was then pending in the United States Court of Customs and Patent Appeals. Hoover Company v. Coe,325 U.S. 77, 82, 65 S.Ct. 955, 89 L.Ed. 1488. Assuming that this jurisdictional fact (nonpendency of an appeal in the Court of Customs and Patent Appeals) must be affirmatively pleaded by the plaintiff in such an action, we think it is of no importance that this fact was first pleaded in an amended complaint filed after expiration of the sixty-day period. Since no new parties were added after that date, and no new claims were asserted, the first amended complaint related back to the date of the original pleading. See Rule 15(c), Federal Rules of Civil Procedure.
 
 
 18
 Plaintiffs, as appellants, argue that the district court erred in failing to consider the question of priority. They contend that the issue of whether the Boyce patent had been in public use or on sale more than one year prior to his application is not relevant unless and until the district court first determined that the Boyce invention had priority.
 
 
 19
 We agree with plaintiffs' position. The controlling rule was stated as follows in Sanford v. Kepner, 344 U.S. 13, 15, 73 S.Ct. 75, 76, 97 L.Ed. 12:
 
 
 20
 'The obvious purpose of the quoted part of R.S. 4915 (now 35 U.S.C. 146) is to give a judicial remedy to an applicant who has been finally denied a patent because of a Patent Office decision against him and in favor of his adversary on the question of priority. When the trial court decides this factual issue of priority against him and thus affirms the refusal of the patent by the Patent Office, he has obtained the full remedy the statute gives him. Only if he wins on priority may he proceed.'
 
 
 21
 If the plaintiff in such a court proceeding, as the challenging party, is judicially held to have priority, the court may then, in the same proceeding, inquire into other issues bearing upon whether the challenger is entitled to a patent. This is true because, in such a court action, the challenger usually seeks an order directing the Commissioner to issue Letters Patent to him. Boyce, as the challenger in this case, sought such relief. See Sanford v. Kepner, 344 U.S. 13, 15, 73 S.Ct. 75. See also Hill v. Wooster, 132 U.S. 693, 698, 10 S.Ct. 228, 33 L.Ed. 502; Cleveland Trust Co. v. Berry, 6 Cir., 99 F.2d 517, 521-522.
 
 
 22
 However, the fact that, upon a judicial determination of priority in favor of the challenger the court may inquire further concerning validity issues, such as the 'in public use or on sale' requirement of 35 U.S.C. 102(b), does not mean that the court may, as it did here, bypass the priority issue and proceed directly and exclusively to other validity issues concerning the plaintiff's application for a patent. The result of such a course is to disregard completely the primary purpose of a section 146 proceeding.
 
 
 23
 We therefore hold that if the district court, upon consideration of the priority issue following the remand herein, upholds the Patent Office determination that the Anderson invention has priority, and that ruling is upheld on appeal, there will be no section 102(b) issue of public use or sale as to the Boyce invention. On the other hand, if the district court or, on appeal, this court, holds for plaintiffs on the priority issue, the district court's determination, already made, that the Boyce invention was in public use or on sale prior to the critcal date, will then be ripe for consideration here on the present record and briefs as appropriately supplemented.
 
 
 24
 Reversed and remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation
 
 
 [1]
 The invention in issue before the Patent Office was defined in a single count as follows:
 'Count 1
 'The method of removing a pit from its cavity in a peach half which comprises; supporting said peach half, applying an arcuate force to one edge of said pit adjacent one edge of said pit cavity, and guiding said pit adjacent an opposite edge of said pit cavity along an arc which is a continuation of the curvature of said cavity.'