DAVIS, Circuit Judge.
 

 Cavalier Clothes, Inc. (Cavalier) appeals from an order of the United States Claims Court denying injunctive relief and dismissing Cavalier’s complaint for lack of equitable jurisdiction. Because we conclude that the Claims Court has jurisdiction to entertain Cavalier’s complaint, we reverse and remand.
 

 I.
 

 FACTS AND PROCEEDINGS
 

 Facts:
 
 [1]
 
 On September 12, 1985, the Defense Personnel Support Center (DPSC)
 
 [2]
 
 issued a solicitation inviting small business firms to submit sealed bids for a contract to manufacture 38,900 women’s Army coats. When bids were opened on October 25, 1985, Cavalier was the apparent low bidder. As is customary, DPSC initiated a pre-award survey
 
 [3]
 
 which was conducted by Defense Contract Administration Services (DCAS). The latter recommended against awarding the contract to Cavalier, citing Cavalier’s (1) prior unsatisfactory performance of other Government contracts; (2) inability to control production scheduling; (3) inability to maintain adequate quality control; and (4) lack of financial capacity. Based on DCAS’s recommendation, the contracting officer rejected Cavalier’s bid as non-responsible. Because Cavalier is a small business, the contracting officer was required to refer the matter to the Small Business Administration (SBA) pursuant to 48 C.F.R. § 9.104-3(e) (1985). The SBA conducted a thorough review of the matter including a plant survey and financial survey and determined that Cavalier was entitled to a Certificate of Competency (COC) enabling it to receive the contract award, notwithstanding the earlier finding of non-responsibility.
 

 On February 18, 1986, the SBA issued the COC to Cavalier. Two days later, Cavalier received a letter from H. Landau & Company, informing appellant that Landau was rescinding its offer to lend Cavalier
 
 *1110
 
 $150,000. A copy of this letter was delivered to SBA on February 20, 1986. At a February 21, 1986 meeting between SBA officials and representatives of Cavalier, the former informed Cavalier of its intention to withdraw the COC for inadequate financial support unless Cavalier, prior to February 25, 1986, provided the SBA with documentary evidence of sufficient funding from another source. Cavalier failed to do so and on February 26, 1986, the SBA withdrew the COC.
 

 Proceedings:
 
 Cavalier then filed suit against the Government in the Claims Court seeking injunctive relief and asserting that the rejection of its bid was part of a
 
 de facto
 
 debarment and therefore illegal. The Government moved for summary judgment. Following oral argument the Claims Court denied injunctive relief and entered an order dismissing the case for lack of jurisdiction. In his oral opinion, Judge Mayer ruled that
 
 Speco Corp. v. United States,
 
 2 Cl.Ct. 335 (1983) (Mayer, J.), controlled and held that the Claims Court “is not authorized to enjoin the SBA responsibility determination either directly or indirectly by acting on the decision of the contracting officer who is divested of further discretion when the SBA determines whether or not to issue a Certificate of Competency.” On appeal, counsel for Cavalier argues that
 
 Speco
 
 was wrongly decided and that a contrary Claims Court decision,
 
 Related Industries, Inc. v. United States,
 
 2 Cl.Ct. 517 (1983), should govern.
 

 II.
 

 DISCUSSION
 

 As we have said, in dismissing Cavalier’s complaint, Judge Mayer relied on his earlier holding in
 
 Speco
 
 that, once the SBA declines to issue a COC, the contracting officer is precluded from awarding the contract to the disappointed bidder. On that view, the action sought to be enjoined is that of the SBA, and in the light of the anti-injunction provision of the Small Business Act
 
 [4]
 
 a necessary concomitant is that the Claims Court lacks jurisdiction to entertain the suit. According to
 
 Speco,
 
 where the SBA has finally determined that a bidder is not responsible and refuses to issue a COC:
 

 the contracting officer is thereby disabled from awarding it the contract. Ordering the contracting officer to withhold award from another bidder with the implicit expectation that ultimately it might be made to plaintiff would be equivalent to enjoining the effectiveness of the decision statutorily reserved to the SBA. This court has no power to enjoin the Administrator directly; it will not disingenuously enjoin him indirectly.
 

 2 Cl.Ct. at 338 (citation omitted).
 

 For reasons fully developed by Judge Philip Miller in
 
 Related Industries
 
 and summarized
 
 infra,
 
 we reject
 
 Speco
 
 to the extent that it deems the SBA’s denial of a COC as final and unreviewable. In
 
 Related
 
 Industries,
 
 [5]
 
 the DPSC solicited bids for a contract for sleeping bags. Even though the small-business plaintiff was the low bidder on the contract, the contracting officer notified it that he intended to reject its bid as non-responsible and that he planned to reject any and all future bids by plaintiff. After the SBA refused to issue a COC, plaintiff sought a declaratory judgment that it was the properly qualified low bidder on the contract. In addition, plaintiff sought an injunction
 
 *1111
 
 restraining the United States, the DPSC and others from awarding the contract to any other bidder and requiring its award to plaintiff. 2 Cl.Ct. at 519.
 

 The Government filed (in
 
 Related Industries
 
 ) a motion to dismiss on two grounds. First, defendant there contended that because 15 U.S.C. § 637(b)(7)(A) (1982) entrusts the SBA with “final disposition” of the competency certification, the SBA’s determination is final and nonreviewable. Second, the defendant argued that under 15 U.S.C. § 634(b)(1),
 
 supra,
 
 neither the SBA nor its Administrator may be enjoined.
 
 Related Industries
 
 expressly refused to follow
 
 Speco
 
 and rejected both grounds urged as supporting the motion to dismiss. We follow that opinion’s analysis.
 

 Finality of SBA competency determination:
 
 Section 637 of the Small Business Act as amended provides in pertinent part:
 
 Additional Powers
 

 (b) It shall also be the duty of the [Small Business] Administration and it is empowered, whenever it determines such action is necessary—
 

 ******
 

 (7)(A) To certify to Government procurement officers ... with respect to all elements of responsibility, including, but not limited to, capability, competency, capacity, credit, integrity, perserverance, and tenacity, of any small business concern or group of such concerns to receive and perform a specific Government contract. A Government procurement officer ... may not, for any reason specified in the preceding sentence, preclude any small business concern or group of such concerns from being awarded such contract without referring the matter for a
 
 final disposition
 
 to the Administration.
 

 ******
 

 (C) In any case in which a small business concern or group of such concerns has been certified by the Administration ... to be a responsible or eligible Government contractor as to a specific Government contract, the officers of the Government having procurement ... powers are directed to accept such certification as conclusive, and shall let such Government contract to such concern or group of concerns without requiring it to meet any other requirement of responsibility or eligibility. [Emphasis added.]
 

 The mere fact that the statute commits the “final disposition” of the competency certification to the SBA does not immunize from judicial review the refusal to grant a COC. As Judge Miller observed, “[t]he final disposition to which the statute refers is only final with respect to a decision certifying a contractor to the procurement officer as responsible.” 2 Cl.Ct. at 520. Once a contracting officer decides to deny a contract to a small business concern on the ground of nonresponsibility, that officer is required to refer the matter to the SBA. In the event the SBA disagrees and issues a COC, the certification of the small business concern as responsible is binding on the contracting officer. So construed, § 637 is simply a protective statute designed to.insulate the small business concern from the contracting officer’s refusal to follow the SBA decision. However, contrary to
 
 Speco
 
 and the position taken by the Government on this appeal, the converse is not true. The SBA’s refusal to issue a COC does not prevent the contracting officer from later reversing himself, on the basis of new evidence.
 
 [6]
 

 
 *1112
 
 Moreover, “[t]he text or legislative history of a statute must provide ‘clear and convincing’ evidence of congressional intent ... before a statute will be construed to restrict access to judicial review.”
 
 Related Industries, 2
 
 Cl.Ct. at 520 (quoting
 
 Johnson v. Robison,
 
 415 U.S. 361, 373-74, 94 S.Ct. 1160, 1169, 39 L.Ed.2d 389 (1974)). We agree that neither the language (“final disposition”) nor the legislative history of § 637 undermines the “normal presumption in favor of judicial review.”
 
 See Whitecliff, Inc. v. United States,
 
 210 Ct.Cl. 53, 58, 536 F.2d 347, 350 (1976),
 
 cert. denied,
 
 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977).
 

 Anti-injunction provision of Small Business Act:
 
 As an alternate ground for its motion to dismiss, the Government in
 
 Related Industries
 
 argued that while § 634 of the Small Business Act waived the SBA’s immunity from suit, it preserved the SBA’s immunity from injunctions.
 
 [7]
 
 Again, Judge Miller’s exhaustive treatment of this issue allows us to rest on summarization. The Federal Courts Improvement Act of 1982 specifically empowers the Claims Court generally to grant injunctive relief on contract claims brought before the contract is awarded. 28 U.S.C. § 1491(a)(3) (1982). That recent expression of Congress’ purpose necessarily gives a new focus to the bare words of § 634(b)(1) with respect to such contract claims.
 

 In that connection, nothing either in the language or the legislative history of § 634 suggests that Congress intended to grant the SBA any greater immunity from injunctive relief than that possessed by other governmental agencies. At the time § 634 was originally adopted as part of the Small Business Act, injunctive relief was not available against the United States or Government entities acting in their governmental capacity; because the SBA was expressly made suable by the Small Business Act, Congress added the no-injunction provision to make sure that the “suable” clause did not permit specific relief against SBA, any more than the Tucker or Tort Claims Acts, though they allow suits for monetary relief, permit specific relief against the United States. Consequently, there is no basis for any inference that Congress intended to exclude the SBA when it later authorized injunctive relief against government agencies and departments generally on pre-award contract claims.
 

 Finally, as the
 
 Related Industries
 
 opinion noted:
 

 even if § 634(b)(1) were not superseded by § 1491(a)(3) and still barred injunction against the SBA, it is difficult to comprehend why it should also be deemed to bar injunctive relief against a branch of the Department of Defense. The DPSC’s refusal to consider plaintiff’s low bid was not merely as an arm or instrumentality of SBA, but based on its own statutory and regulatory authority. If DPSC were now to reconsider its rejection of plaintiff’s bid, SBA would have no authority to forbid it. In no way would injunctive relief against DPSC hinder or obstruct the operation of SBA.
 

 Related Industries, 2
 
 Cl.Ct. at 523.
 

 CONCLUSION
 

 For the reasons just stated, we reverse and remand the Claims Court decision
 
 *1113
 
 which denied injunctive relief and dismissed Cavalier’s complaint for lack of equitable jurisdiction. Although we conclude that the Claims Court has jurisdiction to entertain Cavalier’s complaint, we express no opinion as to the merits.
 
 [8]
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The facts are taken from the uncontroverted affidavits and documents presented to the Claims Court.
 

 [2]
 

 . The DPSC is an operation within the United States Department of Defense with responsibility for procuring clothing, textiles, food and medical supplies.
 

 [3]
 

 . A pre-award survey is "an evaluation by a surveying activity of a prospective contractor’s capability to perform a proposed contract.” 48 C.F.R. § 9.101 (1985).
 

 [4]
 

 . 15 U.S.C. § 634(b) (1982) states in pertinent part as follows:
 

 In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator [of the Small Business Administration] may—
 

 (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but
 
 no
 
 attachment,
 
 injunction,
 
 garnishment,
 
 or other similar process, mesne or final, shall be issued against the Administrator or his
 
 property____ [Emphasis added.]
 

 [5]
 

 . Although on its facts
 
 Related Industries
 
 differs from the current case, its reasoning is fully applicable.
 

 [6]
 

 . When
 
 Speco
 
 was decided, the Defense Acquisition Regulations (DAR) governed the issuance of COC’s. Although DAR l-705.4(a) provided as follows: "Contracting officers shall accept SBA certificates of competency as conclusive of a prospective contractor’s responsibility
 
 ..."
 
 the regulations were silent with respect to the effect of an SBA denial of a COC. When the Federal Acquisition Regulations (FAR) superseded the DAR, FAR 19.602-4 addressed the contracting officer’s duties in greater detail:
 

 19.602-4 Awarding the contract
 

 (a)
 
 If new information causes the contracting officer to determine that the concern referred to the SBA is actually responsible to perform the contract, and award has not already been made ..., the contracting officer shall reverse the determination of nonresponsibility, notify the SBA of this action, withdraw the referral, and proceed to award the contract.
 

 
 *1112
 
 (b) The contracting officer shall award the contract to the concern in question if the SBA issues a COC after receiving the referral. An SBA-certified concern shall not be required to meet any other requirements of responsibility. SBA COC’s are conclusive with respect to all elements of responsibility of prospective small business contractors.
 

 48 C.F.R. § 19.602-4 (1985) (emphasis added).
 

 Under subparagraph (a), it is clear that until the award has been made to another bidder, a contracting officer in receipt of new information is authorized to reconsider and make the award to the previously rejected bidder. In the current case, Cavalier offers as “new information” a supplemental affidavit alleging that contracting officials pressured its supplier into withdrawing its credit line.
 

 Subparagraph (b) is instructive in what it does not say. Although it explicitly states that COC's
 
 are
 
 conclusive, nowhere does it suggest that the SBA’s decision not to issue a COC is conclusive.
 

 [7]
 

 . Section 634 is reprinted in pertinent part in footnote 4,
 
 supra.
 

 [8]
 

 . We recognize that the Claims Court cast the gravest doubt on the merits of Cavalier’s case, but it did so in the course of what it designated "an advisory opinion or dicta.”