CLARK MECHANICAL
CONTRACTORS,
Plaintiff,

v.

The UNITED STATES, Defendant.

No. 511–86C.

United States Claims Court.

May 13, 1987.

Thomas S. Stone, Little Rock, Ark., for plaintiff.

Stephen J. McHale, with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

SMITH, Chief Judge.

The case is before the court on Defendant's Motion to Dismiss. This order elaborates upon an oral ruling given by the court at the close of argument on the motion. That ruling was based upon consideration of the parties' submissions and oral argument. ◦

### Facts

This is an action under the Contracts Dispute Act of 1978 (CDA), 41 U.S.C. § 609(a)(1), challenging a contracting officer's decision denying a claim for additional compensation for non-warranty repairs performed by the plaintiff. The plaintiff had performed underground piping work for the Veterans Administration Medical Center in Shreveport, Louisiana. The work was completed, approved and paid for by May, 1985. In April, 1986, the plaintiff was called back to make warranty repairs on a leaking drain line. Upon excavation it was determined that the plaintiff had not installed the leaking drain line and was, therefore, entitled to additional compensation for the non-warranty repairs. At the time the plaintiff was making the repairs, the government alleged that it found deficiencies in the work performed under the original contract. The government, however, offered the plaintiff payment for only 60 percent of its direct costs for the non-warranty repairs as a set-off for the deficiencies found in the original contract work. This offer was first made prior to the plaintiff's submission of a claim to the contracting officer and was repeated in the contracting officer's final decision.

The plaintiff on July 16, 1986, submitted an uncertified claim to the contracting officer for $100,430.00. The contracting officer issued a final decision denying the claim on July 24, 1986. Following the denial of the claim, plaintiff filed a retroactive certification on August 1, 1986, and filed its complaint in this court on August 7, 1986.

### Discussion

The sole issue before the court is whether under the CDA, 41 U.S.C. § 605(c)(1), certification is required when the total amount being claimed is over $50,000 but the amount in dispute is less than $50,000.

■ The plaintiff argues that because the amount in dispute is less than $50,000

and the contracting officer verbally assured Mr. Clark that certification was not necessary, this should vitiate the need for certification. In response to the defendant's motion to dismiss, the plaintiff filed the affidavit of Ronald L. Clark, Chief Executive Officer of Clark Mechanical Contractors, Inc. Mr. Clark stated that the contracting officer advised him prior to the submission of the claim that it was unnecessary to certify because only 40 percent of the claim, i.e., less than $50,000 was in dispute. Unfortunately the case law is clear that certification is a jurisdictional prerequisite for consideration which cannot be waived by a contracting officer. *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. 11, 17, 673 F.2d 352, 356 (1982).

■ The requirement that a claim be certified reads as follows:

> For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

41 U.S.C. § 605(c)(1). "Claim" is the operative word in the statute. The plaintiff's claim letter to the contracting officer had claimed $100,430 and its complaint filed in this court had claimed $100,430. The fact that the government was willing to pay plaintiff a percentage of its claim does not eliminate that amount from the claim. Such a rule would work against clear and coherent law and discourage settlements. The plaintiff is therefore bound by the certification requirements of the statute and accordingly, the complaint must be dismissed for lack of jurisdiction.

### Conclusion

There are good and strong arguments for why the certification requirement under the CDA should not be jurisdictional. These arguments, if adopted, would avoid the unfortunate result in this case. Prior to my appointment to this court I, as chairman of the Administrative Conference of the United States, made some of these arguments to both the Congress and the other members of the Executive Branch. *See* Madden, *Certification Requirements Under the Contracts Dispute Act,* Discussion Draft for the Administrative Conference of the United States (1983); *Recommendation 83–1: The Certification Requirement in the Contract Disputes Act,* ACUS Annual Report 26 (1983). It would be extreme arrogance, however, not to point out, that others with at least equal qualifications, made persuasive contrary arguments. In the final analysis the Congress and the President have not taken action to change the jurisdictional effect of the certification requirement. And while this court sees the requirement in this case to be administratively dysfunctional, and possibly unfair to small contractors, this court was neither elected to make laws nor appointed to set or develop procurement policy.

While, it would be the height of presumption, for this court, to teach or criticize the Court of Appeals for the Federal Circuit, (it is, rather, our role to learn from and follow the guidance laid down by our appellate authority) it would be a failure of our duty if we did not point out in the individual case how a law may have a negative impact, whether intended or not. This is particularly true in light of our history as a court specially created by the Congress to provide redress to the citizen against his or her government. Our court has a special obligation to point out the problems in the law that may work injustice and inefficiency, so that the Congress may decide whether or not they require a remedy. This is consistent with our court's historic mandate as expressed by Abraham Lincoln and carved into the stone of our front wall:

> It is as much the duty of Government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals.

While it is the duty of every person who has taken an oath as an officer of the United States to say what the law should be, it is an even more pressing and higher duty to follow what the law is. In this case

while that may be something this court feels produces an unfair result, it is quite clear what the law has been authoritatively interpreted to mean. It is also clear that the Congress has not changed that interpretation after several opportunities to do so. It would thus be not only presumptuous of this court, but a violation of my own oath of office, to rule other than to dismiss this complaint, even though I regret that result.

Failure to certify claims in excess of $50,000 mandates dismissal by this court because the case law has interpreted certification as a jurisdictional prerequisite. *William Schlosser Co. v. United States*, 705 F.2d 1336, 1339 (Fed.Cir.1983); *Skelly & Loy v. United States*, 231 Ct.Cl. 370, 372, 685 F.2d 414, 416 (1982), *Theon v. United States*, 5 Cl.Ct. 823, 825 (1982). The plaintiff in this case is not barred by the statute of limitation from refiling, but is being required to waste judicial resources as well as its own and the government's resources. The plaintiff must refile the identical claim with the contracting officer; the only difference being that the claim will now be certified before filing rather than after. Upon receipt of a final decision, the plaintiff can either refile with this court or appeal to the Board of Contract Appeals. While this court cannot by order or opinion alter this result, the parties may by voluntary settlement do so.

On June 15, 1987, the court will issue an order dismissing the complaint. The parties shall discuss settlement between now and then and in the event they are able to resolve this matter prior to June 15, 1987, they are to contact my chambers and schedule a status conference.