# United States Court of Appeals for the Federal Circuit

2009-1355

DESEADO INTERNATIONAL, LTD.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

NATIONAL CANDLE ASSOCIATION,

Defendant-Appellee.

George W. Thompson, Neville Peterson LLP, of Washington, DC, argued for plaintiff-appellant. With him on the brief were Casey K. Richter; and John M. Peterson, of New York, New York.

Michael Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee United States. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Karen A. McGee, Barnes & Thornburg LLP, of Washington, DC, argued for defendant-appellee National Candle Association. With her on the brief was Randolph J. Stayin.

Appealed from: United States Court of International Trade

Judge Leo M. Gordon

# United States Court of Appeals for the Federal Circuit

2009-1355

DESEADO INTERNATIONAL, LTD.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

NATIONAL CANDLE ASSOCIATION,

Defendant-Appellee.

Appeal from the United States Court of International Trade in case no. 07-00365, Judge Leo M. Gordon.

_____

DECIDED:  April 5, 2010

_____

Before NEWMAN, FRIEDMAN, and DYK, <u>Circuit Judges</u>.

FRIEDMAN, <u>Circuit Judge</u>.

This case arises from the Department of Commerce ("Commerce")'s 1986 antidumping duty order covering petroleum wax candles from the People's Republic of China ("People's Republic").  The appeal challenges the Court of International Trade's affirmance of Commerce's refusal to consider in an administrative proceeding the appellant's contention that the antidumping duty order does not cover the candles it exported to the United States, on the ground that it had not participated in a prior

Commerce administrative proceeding in which Commerce had decided that question. We affirm.

I

The appellant Deseado International, Ltd. ("Deseado"), is a Hong Kong trading company that ships to the United States candles manufactured in the People's Republic. The dispute here involves so-called "mixed wax candles" that contain less than fifty percent petroleum wax.

Under 19 U.S.C. § 1673, if Commerce determines that foreign merchandise is being sold in the United States "at less than its fair value" and the International Trade Commission determines that such sales injure "an industry in the United States," "there shall be imposed upon such merchandise an antidumping duty, in addition to any other duty imposed, in an amount equal to the amount by which the normal value exceeds the export price (or the constructed export price) for the merchandise." In an antidumping duty investigation, Commerce concluded that "mixed wax candles" from the People's Republic were being "dumped" in the United States, i.e., sold at less than fair value, and set antidumping duties on those products. See Antidumping Duty Order: Petroleum Wax Candles from the People's Republic of China, 51 Fed. Reg. 30,686 (Dep't of Commerce Aug. 28, 1986). Following that decision, Commerce held at least twice—in so-called "scope" proceedings under 19 C.F.R. § 351.225 to determine whether an antidumping duty order covers particular products—that the 1986 order does not cover candles containing less than fifty percent petroleum wax. United States Department of Commerce, Final Scope Ruling: Antidumping Duty Order on Petroleum Wax Candles from the People's Republic of China (Dec. 12, 2002); Dep't of Commerce, Final Scope

Ruling: Antidumping Duty Order on Petroleum Wax Candles from the People's Republic of China (Dec. 18, 1998).

In response to a petition filed by the domestic candle industry, Commerce in 2005 initiated an anticircumvention inquiry pursuant to 19 U.S.C. § 1677j. Section 1677j(d) authorizes Commerce to determine in such an inquiry "whether merchandise developed after an investigation is initiated under this subtitle . . . (hereafter in this paragraph referred to as the 'later-developed merchandise') is within the scope of an outstanding antidumping or countervailing duty order issued under this subtitle." The notice initiating the anticircumvention inquiry was published in the Federal Register, and stated that

> because the Department did not address the proportion of these waxes that would be indicative of petroleum wax candles, there is no clear basis for the Department to make a conclusive determination that candles with non-petroleum waxes in a different proportion are not later-developed merchandise.

Notice of Initiation of Anticircumvention Inquiries: Petroleum Wax Candles from China, 70 Fed. Reg. 10,962, 10,965 (Dep't of Commerce Mar 7, 2005).

Although a number of entities subject to the antidumping duty order participated in the anticircumvention proceeding, Deseado did not do so. Instead, in August 2006 it requested Commerce to conduct an administrative review (the "eighth administrative review") of petroleum wax candles Deseado had shipped into the United States between August 1, 2005 and July 31, 2006. The governing statute requires Commerce, on request of someone subject to an antidumping duty order, to institute an annual administrative review to determine the amount of antidumping duties on goods the requester imported during a twelve-month period. 19 U.S.C. § 1675(a)(1).

In the anticircumvention proceeding, Commerce held that the antidumping duty order covers candles containing less than fifty percent petroleum wax as "later-developed merchandise." Later Developed Merchandise Anticircumvention Inquiry on Petroleum Wax Candles from China: Affirmative Final Determination of Circumvention, 71 Fed. Reg. 59,075 (Oct. 6, 2006). Parties to that proceeding challenged that ruling in the Court of International Trade, which upheld it, in an opinion issued after that court decided the present case. Target Corp. v. United States, 626 F. Supp. 2d 1285 (Ct. Int'l Trade 2009). An appeal from that decision is pending before this court. Fed. Cir. Nos. 2009-1518, 2009-1519.

In the eighth annual review, Deseado asked Commerce to determine that the antidumping duty order does not cover its candles containing less than fifty percent petroleum wax. Commerce refused to consider that issue, on the ground that it would not reconsider decisions it made in the anticircumvention proceeding. Final Results of Antidumping Duty Administrative Review: Petroleum Wax Candles from China, 72 Fed. Reg. 52,355, App. I, Comments 3 & 4 (Sept. 13, 2007). Commerce also determined that because Deseado did not provide information Commerce had requested from it, Commerce would set Deseado's antidumping duties for that period on a "total adverse facts available" basis. Under that standard it set the antidumping duties at 108.3 percent. Id. at 52,356.

The Court of International Trade upheld Commerce's decision in the eighth annual review and dismissed Deseado's action challenging that ruling. Deseado Int'l Inc. v. United States, 602 F. Supp. 2d 1360 (2009). The court stated:

> Plaintiff again seeks to challenge the merits of the Anticircumvention Inquiry while not contesting the merits of

> the administrative review. Plaintiff though may not challenge the merits of the Anticircumvention Inquiry in this action because Plaintiff has not satisfied the prerequisites for judicial review for that separate and distinct administrative proceeding . . . . Suffice it to say, Plaintiff may not collaterally attack the Anticircumvention Inquiry within this action.

Id. at 1361.

The court further stated that to the extent Deseado was challenging Commerce's refusal, in the eighth annual review, to reconsider its earlier determination in the anticircumvention proceeding of the scope of the antidumping order, "such a refusal is an agency action committed to agency discretion by law, and is therefore generally unreviewable." Id.

In its appeal to this court, Deseado does not challenge Commerce's use of the "total adverse facts available" standard to determine Deseado's antidumping duty or the 108.3 percent rate.

II

The issue in the anticircumvention proceedings was whether the antidumping duty order covered candles whose petroleum wax content was less than fifty percent. That is the same issue that Deseado sought to litigate in the eighth annual review. Since Commerce published the notice of the anticircumvention proceedings in the Federal Register, Deseado is deemed to have had notice of them. 44 U.S.C. § 1507 (providing that publication in the Federal Register "is sufficient to give notice of the contents of the document to a person subject to or affected by it"); see also Stearn v. Dep't of Navy, 280 F.3d 1376, 1384 (Fed. Cir. 2002). Although other foreign candle sellers participated in those proceedings, Deseado did not. Deseado offered no explanation or reason for its failure to participate. If it had participated, it could have

pressed before Commerce its position that the antidumping order does not cover candles containing less than fifty percent petroleum wax, and could have directly challenged Commerce's rejection of that contention before the Court of International Trade.

In the circumstances, the Court of International Trade did not err in rejecting Deseado's attempt to litigate that issue in the eighth annual review.

In similar or comparable situations, this court frequently has rejected attempts in customs cases to litigate before the Court of International Trade issues that could have and should have been, but were not, litigated in earlier administrative proceedings before Commerce. For example, in Sandvik Steel Co. v. United States, 164 F.3d 596 (Fed. Cir. 1998), this court held that an importer's failure to seek a scope determination from Commerce that an antidumping order did not cover certain products it imported precluded it from obtaining review of that issue in the Court of International Trade. It sought such review by challenging the Customs Service ("Customs")'s denial of its subsequent protest to the assessment of antidumping duties on those products. This court stated: "[t]he detailed scope determination procedures that Commerce has provided constitute precisely the kind of administrative remedy that must be exhausted before a party may litigate the validity of the administrative action." 164 F.3d at 599–600. The court concluded that "[t]he statutory provisions governing the jurisdiction of the Court of International Trade support and confirm our conclusion that failure timely to seek a scope determination bars an importer from attempting to challenge in the Court of International Trade Customs' denial of a protest to Customs' application of an

antidumping order to particular imports." <u>Id.</u> at 600. <u>See also</u> <u>Nichimen Am., Inc. v. United States</u>, 938 F.2d 1286 (Fed. Cir. 1991).

Indeed, in one respect the present case is an even stronger one than <u>Sandvik</u> for precluding litigation before the Court of International Trade of a question that should have been previously administratively litigated before Commerce. In <u>Sandvik</u>, the litigant's default was failing to institute a scope inquiry before Commerce. In the present case, however, the Commerce administrative proceeding (the anticircumvention inquiry) had already been instituted, and Deseado's default was its failure to participate in that inquiry and litigate its issues there.

There are factual distinctions between the foregoing decisions of this court and the present case. All those decisions, however, reflect application of the well-established principle of administrative law, which the Supreme Court described almost sixty years ago as follows:

> Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.

<u>United States v. Tucker Truck Lines</u>, 344 U.S. 33, 37 (1952).

That principle is equally applicable in the present case. It fully supports the Court of International Trade's ruling that Deseado's failure to participate and litigate in the anticircumvention proceeding its contention that the antidumping duty order does not cover its "mixed wax candles" precluded it from litigating that issue in Commerce's eighth annual review or before the Court of International Trade.

III

In initiating its anticircumvention inquiry, Commerce stated that if it issued a preliminary determination that the antidumping duty order covered "mixed wax candles," it would direct Customs to suspend liquidation of duties on that product, effective as of the date Commerce had initiated the inquiry (February 25, 2005), pending the issuance of its final decision.  Commerce issued its preliminary decision so holding on June 2, 2006, and its final decision on October 6, 2007.  As a result, Customs suspended liquidation of duties on Deseado's products imported during those periods.  Deseado challenges that action as an impermissible retroactive application of Commerce's anticircumvention decision.

This contention is another attack on Commerce's anticircumvention decision, which specifically addressed the retroactivity issue.  For the reasons set forth in part II above, Deseado's failure to participate in the anticircumvention proceedings and raise the issue there, like its present attempt to litigate the merits of that decision, precludes it from now litigating the retroactivity issue.

IV

Finally, Deseado contends that the Court of International Trade committed reversible error when it refused to suspend the proceedings in this case until it had decided the Target case, which challenged the merits of Commerce's anticircumvention decision.

A court has broad discretion to determine how to conduct its own proceedings.  A court's refusal to suspend a particular case is reviewed for abuse of discretion.  Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

Considering all the circumstances here, including those discussed in part II above, we cannot say the Court of International Trade abused its discretion in refusing to suspend this case pending its decision in <u>Target</u>. Indeed, since that court there upheld Commerce's anticircumvention decision, it is difficult to see how the refusal to suspend this case prejudiced Deseado, which does not contend that such a suspension would have resulted in a different result in <u>Target</u>. We need not decide what remedy Deseado might have if this court were to reverse the Commission's decision in the anticircumvention proceeding.

CONCLUSION

The judgment of the Court of International Trade dismissing Deseado's action is

<u>AFFIRMED</u>.