# United States Court of Appeals for the Federal Circuit

---

**22ND CENTURY TECHNOLOGIES, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

**FIBERTEK, INC.,**
*Defendant*

---

2022-1275

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01922-NBF, Senior Judge Nancy B. Firestone.

---

Decided: January 10, 2023

---

WALTER BRAD ENGLISH, Maynard, Cooper & Gale, PC, Huntsville, AL, argued for plaintiff-appellant. Also represented by EMILY J. CHANCEY, NICHOLAS PATRICK GREER, MARY ANN HANKE, JON DAVIDSON LEVIN; JOSHUA B. DUVALL, Washington, DC.

MIKKI COTTET, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BRIAN M.

BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; DANA J. CHASE, JASON COFFEY, Contract Litigation and Intellectual Property Division, United States Army Legal Service Agency, Fort Belvoir, VA; CHRISTOPHER MCCLINTOCK, Office of Litigation, United States Small Business Administration, Washington, DC.

_____

Before LOURIE, DYK, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

22nd Century Technologies, Inc. ("22nd Century") appeals a decision of the Court of Federal Claims ("Claims Court") holding that the Claims Court lacked jurisdiction to review 22nd Century's challenge to a size determination made by the U.S. Small Business Association ("SBA") Office of Hearings and Appeals ("OHA"). Because OHA's size determination was made in connection with the issuance of a task order, the Federal Acquisition Streamlining Act of 1994 ("FASA"), 10 U.S.C. § 3406(f), barred the Claims Court from exercising jurisdiction over 22nd Century's bid protest. A claim based on improper contract termination would fall under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–09, and 22nd Century failed to present its claim to the contracting officer as required by the CDA. We affirm.

## BACKGROUND

This case relates to a task order issued under an Indefinite Delivery, Indefinite Quantity Multiple Award ("IDIQ") contract. An agency can issue IDIQ contracts to multiple companies, which may then be eligible to compete for subsequent task orders solicited under the overarching IDIQ contract. The IDIQ procurement vehicle allows an agency to issue a broad solicitation for a general procurement goal and then more detailed solicitations for individual task orders as specific needs arise.

On March 25, 2015, the Department of the Army ("Army") solicited proposals for a Responsive Strategic Sourcing for Services IDIQ Contract ("RS3 IDIQ Solicitation"). The Army issued the solicitation to secure "knowledge-based support services for requirements with Command, Control, Communications, Computers, Intelligence, Surveillance, and Reconnaissance related needs." J.A. 24. The solicitation was unrestricted, that is, not set aside for small businesses. Though the solicitation was not itself limited to small businesses, it allowed the Army to restrict subsequent task order competitions under the contract to small businesses, in which case "[o]nly contractors eligible to compete as a small business" could submit bids. J.A. 60 (quoting RS3 IDIQ Solicitation § H.2.4); *see also* J.A. 25.

On May 6, 2015, 22nd Century submitted a proposal in response to the RS3 IDIQ Solicitation, and on March 1, 2019, the Army awarded 22nd Century an RS3 IDIQ contract ("RS3 IDIQ Contract"). In 2015, when 22nd Century submitted its proposal, it was a small business.

On December 29, 2020, the Army issued a Task Order Request for Proposals ("Task Order RFP") under the RS3 IDIQ Contract, which provided that "[o]nly contractors eligible to compete as a small business may submit a proposal in response to the task order RFP." J.A. 60–61 (citation omitted); *see also* J.A. 25. The Task Order RFP required a contractor submitting a bid to represent whether or not it was a small business for purposes of the task order. On February 8, 2021, 22nd Century submitted a proposal for the Task Order RFP. Though it was no longer a small business at the time of the task order solicitation, 22nd Century represented that it had been "a small business for this [RS3] IDIQ," *i.e.*, at the time of its original RS3 IDIQ proposal. J.A. 26.

On May 7, 2021, the Army issued the task order to 22nd Century, rejecting the bids of two other companies, Fibertek, Inc. and Ideal Innovations, Inc. Fibertek and Ideal Innovations timely filed size protests with the SBA, alleging that 22nd Century was ineligible for the award because it was not a small business at the time it submitted the Task Order bid as required by the Task Order RFP.

On June 4, 2021, the SBA Area Office issued two nearly identical formal size determinations in response to the protests, finding that 22nd Century was "other-than-small" for purposes of the Task Order RFP. J.A. 43; J.A. 52. As part of the size determinations, the Area Office held that "when the contracting officer requested all offerors to certify to or 'checking off' [*sic*] the appropriate box to indicate whether they are a small business . . . or not, even though he did not specifically state so, he effectively requested all offerors to recertify for the Task Order." J.A. 42; J.A. 51.

On June 16, 2021, 22nd Century appealed the Area Office's size determinations to the SBA OHA, and on September 21, 2021, OHA affirmed the size determinations. OHA concluded that "the Area Office properly determined the Task Order Solicitation as requiring recertification at the task order level." J.A. 73. Following the SBA's size determinations, the Army terminated the task order awarded to 22nd Century.

On September 28, 2021, 22nd Century brought the present bid protest under the Tucker Act, 28 U.S.C. § 1491(b)(1), requesting that the Claims Court set aside OHA's size determination and enjoin the Army from terminating the task order based on OHA's size determination. 22nd Century claimed that "[b]ecause the [Task Order RFP] did not contain an explicit request for recertification, SBA must measure 22nd Century's size on the date it submitted its proposal for the RS3 IDIQ, when it was unquestionably small." J.A. 28 ¶ 26.

The government and Fibertek, the new task order awardee, both moved to dismiss the complaint, arguing that FASA, 10 U.S.C. § 3406(f),[1] barred review of 22nd Century's bid protest because the challenged actions by the SBA and the Army were "in connection with the issuance or proposed issuance of a task or delivery order." J.A. 2 n.2 (quoting the provision now located at 10 U.S.C. § 3406(f)(1)). The government and Fibertek also argued that 22nd Century had failed to allege a ripe termination claim under the CDA and § 1491(a)(2) of the Tucker Act.

The Claims Court granted the motions to dismiss, holding that FASA barred jurisdiction over 22nd Century's claims. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We review decisions of the [Claims Court] on the scope of its jurisdiction . . . [and] questions of statutory and regulatory construction without deference." *SRA Int'l, Inc. v. United States*, 766 F.3d 1409, 1412 (Fed. Cir. 2014) (citations omitted).

The Claims Court's jurisdiction "is circumscribed solely by the Tucker Act, 28 U.S.C. § 1491." *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993). Under the Claims Court's Tucker Act bid protest jurisdiction, the Claims Court may review "an action by an interested party objecting to [(i)] a solicitation by a Federal agency for bids or proposals for a proposed contract or to [(ii)] a proposed award or the award of a contract or [(iii)] any alleged violation of statute or regulation in connection with a

---

[1] This provision, formerly located at 10 U.S.C. § 2304c(e), was moved to § 3406(f) effective January 1, 2022. Pub. L. No. 116-283, div. A, tit. XVIII, sec. 1820(e)(1), 134 Stat. 3388, 4194 (2021).

procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). The Claims Court can review OHA decisions made "in connection with a procurement or a proposed procurement" under the third prong of § 1491(b)(1) as part of a bid protest. *See Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1254 (Fed. Cir. 2015).

However, in FASA, 10 U.S.C. § 3406(f), Congress expressly limited the Claims Court's jurisdiction in the context of protests to task or delivery orders. Subsection 3406(f)(1) provides that "[a] protest is not authorized in connection with the issuance or proposed issuance of a task or delivery order," with two narrow exceptions, namely, when the order "increases the scope, period, or maximum value of the contract under which the order is issued" or the order is "valued in excess of $25,000,000."[2] 22nd Century does not assert that either exception applies here. We have explained that "[t]he statutory language of FASA is clear and gives the [Claims Court] no room to exercise

---

[2]    In its entirety, § 3406(f) states:

(1) A protest is not authorized in connection with the issuance or proposed issuance of a task or delivery order except for—

(A) a protest on the ground that the order increases the scope, period, or maximum value of the contract under which the order is issued; or

(B) a protest of an order valued in excess of $25,000,000.

(2) Notwithstanding section 3556 of title 31, the Comptroller General of the United States shall have exclusive jurisdiction of a protest authorized under paragraph (1)(B).

jurisdiction over claims made 'in connection with the issuance or proposed issuance of a task or delivery order.'" *SRA Int'l*, 766 F.3d at 1413.

22nd Century's complaint explicitly asserts jurisdiction under § 1491(b)(1) as a bid protest. The caption of the complaint even identifies the complaint as a "bid protest." J.A. 23. The Claims Court held that "22nd Century's challenge is clearly made in connection with the issuance of a task order and is therefore barred by FASA." J.A. 11. The Claims Court concluded this was so because "the allegations made and relief sought in 22nd Century's complaint draw a direct and causal connection between the task order and OHA and the Army's challenged decisions." J.A. 11 (citation omitted). The Claims Court rejected 22nd Century's argument that its claims were not barred by FASA because "OHA's size determination is a 'discrete and separate' decision temporally distanced from the Army's task order award to 22nd Century." J.A. 11–12 (citation omitted).

On appeal, 22nd Century contends FASA's task order bid protest bar does not reach OHA's size determination, because a size protest is "something totally different" than a bid protest. Appellant's Br. 7.

As 22nd Century notes, in *Harmonia Holdings Group, LLC v. United States*, we did describe differences between size protests brought at the SBA and bid protests brought at the Claims Court. 999 F.3d 1397, 1402–03 (Fed. Cir. 2021). We explained:

> A "size protest" refers to an administrative challenge to an offeror's size which is filed with the SBA. A "bid protest," by contrast, generally challenges actions that an agency takes, or fails to take, in connection with a procurement or proposed procurement.

*Id.* (citations omitted).   But *Harmonia* never suggested that size protests offered a separate basis for Claims Court jurisdiction.   Indeed, *Harmonia* cited with approval the Claims Court's decision in *White Hawk Group, Inc. v. United States*, which held that the Claims Court "lacks any authority to [separately] entertain a size protest."  91 Fed. Cl. 669, 673 (2010) (citation omitted).

To be sure, as the Claims Court recognized, the court also has jurisdiction to consider the propriety of an SBA size determination in a bid protest case or other contract action over which it has jurisdiction.  Where an SBA decision is made "in connection with a proposed procurement," the Claims Court would normally have jurisdiction to review that decision under § 1491(b)(1). *Palladium Partners*, 783 F.3d at 1254.  Indeed, "a disappointed bidder must generally exhaust its administrative remedies at the SBA before seeking judicial review of a size protest" in the context of a bid protest or other contract case. *Harmonia Holdings Grp.*, 999 F.3d at 1402; *see* 13 C.F.R. § 121.1101(a) ("The OHA appeal is an administrative remedy that must be exhausted before judicial review of a formal size determination may be sought in a court.").

But bid protest jurisdiction here is barred by FASA. FASA's unambiguous language categorically bars jurisdiction over bid protests, even those involving a challenge to an SBA size determination where the size determination is challenged "in connection with the issuance of a task or delivery order."  10 U.S.C. § 3406(f)(1).   FASA "effectively eliminates all judicial review for protests made in connection with a procurement designated as a task order—perhaps even in the event of an agency's egregious, or even criminal, conduct." *SRA Int'l*, 766 F.3d at 1413.[3]   The

---

[3]    Relying on a recent Claims Court decision, *Tolliver Group, Inc. v. United States*, 151 Fed. Cl. 70 (2020), 22nd

Claims Court correctly held that 22nd Century's challenge here "is clearly made in connection with the issuance of a task order and is therefore barred by FASA." J.A. 11. That is so because 22nd Century's challenge is to the alleged failure of the task order to require bidders to recertify as small businesses, and 22nd Century's claim is that the only relevant size requirement for purposes of its task order proposal was in the original RS3 IDIQ Contract.

22nd Century alternatively argues that, despite its own complaint's reliance on bid protest jurisdiction, this case is in reality a challenge to the termination of the contract, an event logically distinct and temporally disconnected from the issuance of the task order to 22nd Century.[4]  Even if a breach of contract claim under these

---

Century argues that FASA does not necessarily reach bid protests brought under the third prong of § 1491(b)(1), relating to "action[s] . . . objecting to . . . any alleged violation of statute or regulation in connection with a procurement or proposed procurement."  This argument is foreclosed by *SRA International*, which held that FASA reached protests brought under § 1491(b)(1)—including those brought under the final prong—as long as the protests are "in connection with the issuance or proposed issuance of a task or delivery order." *See SRA Int'l*, 766 F.3d at 1413.  Indeed, the contractor's challenge in *SRA International* was brought under the third prong of § 1491(b)(1), and throughout the opinion we described the challenge as a "protest" for both purposes of § 1491(b)(1) and FASA. *See id.* at 1411–14.

[4]    22nd Century argues that FASA adopts the definition of "protest" in another related statute, the Competition in Contracting Act, 31 U.S.C. § 3551(1).  If that definition were applicable, an issue we need not decide, a "protest" would include a written objection to "[a] termination or

circumstances would not be subject to the FASA bar—an issue we do not decide—such a challenge would have to be brought pursuant to the CDA and would have to comply with CDA requirements.   The Tucker Act, 28 U.S.C. § 1491(a)(2), provides that "[t]he [Claims Court] shall have jurisdiction to render judgment upon any claim by or against, or dispute with a contractor arising under [the CDA], including a dispute concerning termination of a contract, . . . on which a decision of the contracting officer has been issued under section 6 of [the CDA]."

22nd Century has no claim for relief under the CDA. First, while nonmonetary claims may be asserted under the CDA, *see* § 1491(a)(2); *Todd Const., L.P. v. United States*, 656 F.3d 1306, 1310–11 (Fed. Cir. 2011), we are aware of no case authorizing an injunction under the CDA to prevent termination, as 22nd Century has requested here.

Even if such an injunction were possible, there is a second more obvious problem.  To bring a case under the CDA, 22nd Century would have had to have first filed a claim with, and received a final decision from, the contracting officer, neither of which 22nd Century alleges occurred here. *See* 41 U.S.C. § 7103(g); *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1575 (Fed. Cir. 1995) ("Under the CDA, a final decision by a [contracting officer] on a 'claim' is a prerequisite

cancellation of an award of . . . a contract, if the written objection contains an allegation that the termination or cancellation is based in whole or in part on improprieties concerning the award of the contract."   31 U.S.C. § 3551(1)(D).  22nd Century's challenge here may well satisfy this definition as an objection to the termination of the task order based on an impropriety in the task order award, making it even clearer that it is a "protest" subject to FASA.

for . . . jurisdiction."). 22nd Century's alternative termination argument is barred for failure to comply with CDA requirements.

## CONCLUSION

The Claims Court correctly concluded it lacked jurisdiction. We affirm.

## **AFFIRMED**