NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VETERAN SHREDDING, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1336

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00945-MBH, Senior Judge Marian Blank Horn.

---

Decided:  January 13, 2021

---

TIMOTHY TURNER, Whitcomb, Selinsky, PC, Denver, CO, for plaintiff-appellant.  Also represented by JOSEPH ANTHONY WHITCOMB.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE; NATICA CHAPMAN NEELY, Office of General

Counsel, United States Department of Veterans Affairs, Portland, OR.

———————————

Before PROST, *Chief Judge*, MAYER and MOORE, *Circuit Judges*.

PROST, *Chief Judge*.

Veteran Shredding, LLC appeals a judgment of the Court of Federal Claims dismissing its bid protest. Veteran Shredding contends that the Rule of Two, 38 U.S.C. § 8127(d), required the solicitation in question to have been set aside for competition among service-disabled veteran–owned small businesses ("SDVOSBs").

The Rule of Two requires that competition be restricted to SDVOSBs when a contracting officer reasonably expects that two or more SDVOSBs will bid on the solicitation and that an award can be made at a fair and reasonable price. Because the contracting officer lacked such an expectation here, no set-aside was required. We affirm.

I

Veteran Shredding is a firm whose services and ownership status are apparent. It sought to shred documents for the Minneapolis Veterans Affairs Healthcare System.

To seek shredding services, the Department of Veterans Affairs ("VA") had initially posted what is here called the '181 solicitation,[1] issuing it as an SDVOSB set-aside under the Rule of Two. Veteran Shredding bid, but the contracting officer found its bid unreasonably high. When no reasonable SDVOSB bids came in, that solicitation was canceled, and the nearly identical '276 solicitation[2] was issued—this one set aside for competition among all capable

———————————

[1]    No. 36C26318Q0181.
[2]    No. 36C26319Q0276.

small businesses, veteran-owned or not.  *See* 48 C.F.R. §§ 819.7005(c), 19.1405(b)–(c).

Veteran Shredding did not bid again.  Instead it sued, arguing that the '276 solicitation should have been set aside for SDVOSBs alone.  Veteran Shredding and the government cross-moved for judgment on the administrative record.  The Court of Federal Claims granted judgment in the government's favor, dismissing Veteran Shredding's complaint.  *Veteran Shredding, LLC v. United States*, 146 Fed. Cl. 543, 581 (2019) ("*Veteran Shredding II*").  Veteran Shredding appealed.

We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

## A

We review the legal determinations of the Court of Federal Claims de novo and any underlying factual findings for clear error.  *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1252 (Fed. Cir. 2015).  In a bid protest, we follow Administrative Procedure Act § 706 and set aside agency action "if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (quoting *Savantage Fin. Servs. v. United States*, 595 F.3d 1282, 1285 (Fed. Cir. 2010)).  A procurement decision fails under § 706 if "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." *Id.* (quoting *Savantage Fin. Servs.*, 595 F.3d at 1285–86).

## B

To the extent that Veteran Shredding appears to challenge the cancellation of the prior '181 solicitation, it is precluded from doing so.

Veteran Shredding has already challenged that cancellation at the Court of Federal Claims.  It lost there for lack of standing and chose not to appeal.  *Veteran Shredding,*

*LLC v. United States*, 140 Fed. Cl. 759, 760 (2018) ("*Veteran Shredding I*"). It cannot collaterally attack that judgment now. The government argues as much, and Veteran Shredding provides no response. We agree with the government.

But even to the extent that Veteran Shredding's arguments about the '181 solicitation's cancellation inform its challenge to the later '276 solicitation, we see no "lack[] [of] a rational basis" or "violation of regulation or procedure" in the cancellation decision. *Veterans Contracting Grp., Inc. v. United States*, 920 F.3d 801, 806 (Fed. Cir. 2019). Indeed, all the bids vastly exceeded the cost estimate and funding for the contract, and the cost estimate and reasonableness analysis were not irrational or contrary to law. *See Veteran Shredding II*, 146 Fed. Cl. at 577–78, 580–81. We have noted, as the Court of Federal Claims has, that excessively high bids provide a "compelling reason" to cancel a solicitation initially set aside under the Rule of Two. *E.g.*, *Veterans Contracting Grp.*, 920 F.3d at 806–07; *see also* 48 C.F.R. § 14.404-1(c)(6); *Land Shark Shredding, LLC v. United States*, No. 20-1231, slip op. at 7 (Fed. Cir. Jan. 11, 2021); *Veteran Shredding II*, 146 Fed. Cl. at 580–81. Accordingly, we are unconvinced that the '181 solicitation's cancellation violated the Rule of Two, lacked a rational basis, or violated a law or procedure.

C

The only issue remaining is whether the '276 solicitation should have been set aside for SDVOSBs under the Rule of Two. The Court of Federal Claims concluded that it should not, and we agree.

The Rule of Two requires (with exceptions not relevant here) that competition be restricted to SDVOSBs when a contracting officer for the VA reasonably expects two things: (1) that two or more SDVOSBs will submit bids and (2) that an award can be made at a fair and reasonable price. 38 U.S.C. § 8127(d); *Kingdomware Techs., Inc. v.*

*United States*, 136 S. Ct. 1969, 1973–94 (2016). Accordingly, the VA must conduct a Rule of Two analysis before issuing a solicitation, but only if the Rule is triggered by the twin expectations must it restrict competition accordingly.

Here, the VA engaged in the required Rule of Two analysis. It did not simply reissue the solicitation without again looking into the appropriateness of a set-aside. Rather, it conducted multiple rounds of market research. *See, e.g.*, *Veteran Shredding II*, 146 Fed. Cl. at 549–52, 578–79. It reached out to various veteran-owned businesses, *id.* at 550, but ultimately found that it expected that particular bids would be too high or that particular firms lacked the required capabilities. It issued a sources-sought notice to determine interest (only two SDVOSBs responded, and each had submitted an unreasonably high bid in the '181 solicitation). *Id.* at 550. It updated its cost estimate. *Id.* at 550–51. It issued *another* sources-sought notice (again, only two SDVOSBs responded). *Id.* at 551. In the end, however, it concluded that there was a lack of capable SDVOSBs that it expected would submit reasonable offers. *Id.* at 551–52. The solicitation was set aside instead for competition among all small businesses.

The Court of Federal Claims analyzed Veteran Shredding's arguments at length and found them unpersuasive in light of the VA's analysis on the record. *See id.* at 567–81. In reviewing the VA's cost estimate, market analysis, and reasonableness assessments, we too cannot say that any of it lacked a rational basis or violated a regulation or procedure. Nothing in § 8127(d), which simply requires that competition be restricted if certain conditions are met, rendered the VA's determinations irrational or unlawful here. Because the twin expectations of the Rule of Two were not met, there was no requirement to set aside the '276 solicitation for competition among veteran-owned businesses.

### III

We have considered Veteran Shredding's remaining arguments and find them unpersuasive.  For the reasons discussed above, we affirm the Court of Federal Claims' judgment dismissing Veteran Shredding's complaint.

**AFFIRMED**

COSTS

No costs.